**Brian C. Hickman, OSB No. 031096**
bhickman@gordon-polscer.com
**Ryan C. Bailey, OSB No. 130788**
rbailey@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
Suite 650
9755 S.W. Barnes Road
Portland, OR 97225
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

*Of Attorneys for ACE American Insurance Company.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>THE ESTATE OF GARY MARTINICH, through his Personal Representative Jamie Bradley; LARRY TYLER; THE ESTATE OF VIRGINIA TYLER, through her Personal Representative Larry Tyler; and ATOS IT SOLUTIONS AND SERVICES, INC.<br><br>    Defendants. | **Case No.** 1:17-cv-1308<br><br>**COMPLAINT**<br><br>**DECLARATORY RELIEF**<br>**28 U.S.C. § 2201** |

Plaintiff ACE American Insurance Company ("ACE") alleges as follows:

**NATURE OF ACTION**

1.

This is an action for declaratory relief, pursuant to Fed. R. Civ. P. 57 and 28 USC § 2201, arising from an actual controversy now existing between the parties, regarding the presence or

**COMPLAINT FOR DECLARATORY RELIEF**                        Page 1

absence of coverage for certain personal injury and property damage claims, under an Excess Business Auto Policy issued by ACE.

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff ACE is a Pennsylvania corporation engaged in the insurance business with a principal place of business in Philadelphia, Pennsylvania.

3.

Upon information and belief, defendants Larry Tyler and the Estate of Virginia Tyler (collectively, the "Tylers") are residents and citizens of Kerby, Josephine County, Oregon.

4.

Upon information and belief, defendant Estate of Gary Martinich ("Martinich") is a resident and citizen of Brookings, Curry County, Oregon.

5.

Upon information and belief, defendant ATOS IT Solutions and Services, Inc. ("ATOS") is a Delaware corporation with its principle place of business in Purchase, New York. ATOS is included as a defendant, even though Plaintiff understands that ATOS agrees with Plaintiff's coverage decision, because ATOS was Martinich's employer and is a direct party to the ATOS-Enterprise Corporate Services Agreement ("CSA") at issue in this matter. Accordingly, ATOS is a necessary party to these proceedings seeking a declaration of rights concerning the CSA.

6.

This Court has original subject matter jurisdiction over this action pursuant to 28 USC § 1332 because of the diversity of citizenship of the parties and because the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**COMPLAINT FOR DECLARATORY RELIEF**　　　　　　　　　　　　　　　　　　　Page 2

7.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) because the events, acts or omissions giving rise to this action substantially occurred in this judicial district.

8.

A present and actual controversy now exists regarding whether or not ACE is obligated to defendants under an Excess Business Auto Insurance Policy, No. H08241223, issued by ACE to the Named Insured "Enterprise Holdings, Inc. and its subsidiaries" ("Enterprise"), for the Policy Period of August 1, 2016 to August 1, 2017 (the "ACE Policy"). A copy of pertinent excerpts of the ACE Policy are attached to this Complaint as Exhibit 1. ACE seeks and is entitled to a declaration of the rights and obligations of the parties pursuant to Fed. R. Civ. P. 57 and 28 USC § 2201.

## RELEVANT FACTUAL ALLEGATIONS

9.

On or about August 9, 2016, Martinich was operating a 2016 Nissan Altima on U.S. Highway 199 near SB milepost 11 in Grants Pass, Josephine County, Oregon. At that location, U.S. Highway 199 is three lanes, with two northbound lanes and one southbound lane.

10.

Martinich was driving northbound when he drove across the double yellow line and into the southbound lane, striking head-on a 2001 Dodge pickup truck operated by Larry and Virginia Tyler. The impact caused severe injuries to Larry Tyler. Virgina Tyler was pronounced dead at the scene. Martinich later died at the hospital.

11.

At the time of the accident, Martinich was driving under the influence of alcohol with a BAC of not less than .18. Police found a half-empty bottle of vodka in Martinich's vehicle along with multiple pill bottles.

12.

The Nissan operated by Martinich was owned by Enterprise. EAN Holdings, LLC is a subsidiary of Enterprise.  Martinich rented the Nissan from EAN Holdings, LLC operating under the National Car Rental ("National") brand name prior to the accident on August 4, 2016 using a business account belonging to his employer, ATOS.

13.

Martinich's possession of the rental vehicle was at all times relevant to this complaint exclusively for personal leisure use. The rental was not paid for, in whole or in part, by ATOS. Martinich is not entitled to reimbursement, and was not reimbursed, either in whole or in part, by ATOS for the rental.

## CORPORATE SERVICES AGREEMENT

14.

Martinich's use of the ATOS business account to procure the rental vehicle is subject to the terms and conditions of the ATOS-Enterprise Corporate Services Agreement ("CSA"), a copy of which is attached hereto as Exhibit 2.

15.

The CSA authorizes ATOS and authorized renters to rent vehicles from "National Car Rental" and "Enterprise Rent-A-Car" brand names for both "leisure" and "business use." The CSA also sets forth the parameters of the different insurance available to "leisure" and "business use" rentals. As relevant to this complaint, Liability Protection such as that provided by the ACE Excess Policy is extended only to "business use" rentals. The CSA provides in relevant part:

****

> 3.     Rental Program.     [Enterprise] agrees to make vehicles available to Eligible Renters for rental for business use at the Rates provided herein when the Eligible Renter makes an advance reservation, subject to availability. "Business Use" rentals shall be defined as rentals which are paid, in whole or in part, by Customer or for which the Eligible Renter is reimbursed, in whole or in part, by Customer….

****

**COMPLAINT FOR DECLARATORY RELIEF** **Page 4**

Exhibit 2.

16.

Amendment 1 to the CSA ("Amendment") confirms that Liability Protection is to extend only to "business use" rentals. The Amendment provides in relevant part:

\*\*\*\*

8.  Third Party Liability.

**United States and Puerto Rico Rentals:** For rentals to Eligible Renters for leisure use, the Eligible Renter shall be responsible pursuant to the terms and conditions of the Rental Contract for all third party claims for property damage, bodily injury or death resulting from the use or operation of any vehicle. For Business Use rentals, the Eligible Renter and Customer shall be responsible for all third party claims for property damage, bodily injury or death resulting from the use or operation of any vehicle, except to the extent as otherwise provided herein. Eligible Renters can elect to purchase optional Supplemental Liability Protection (which also may be referred to as Supplemental Liability Insurance in the Rental Contract) if Liability Protection is not included within the Rates herein. Liability Protection for third party claims, if applicable, will be upon the terms and subject to the limitation set forth in the applicable Rental Contract and insurance policy.

**For National and Enterprise Brand rentals to Eligible Renters for Business Use only, Rates include Liability Protection for accidents arising out of the operation or use of the rental vehicle with split limits of $100,000 bodily injury or death per person, $300,000 bodily injury or death per occurrence and $50,000 property damage per occurrence, upon the terms and subject to the limitations set forth in the Rental Contract and in the insurance policy which provides coverage.** Unless required by law, Liability Protection excludes any protection afforded under: first party benefits; personal injury protection; medical payments; no-fault; and uninsured or underinsured motorist. Liability Protection provides no coverage for physical damage to, or theft of, the rental vehicle. Insurer and policy terms are subject to change without prior notice to Customer. **Customer will advise Eligible Renters that the Liability Protection described herein applies to their Business Use rentals only. Customer will verify that a rental was a Business Use rental in the event they are involved in an accident. If Customer cannot provide such verification, the applicable Affiliate is not obligated to provide Liability Protection and may void Liability Protection. For leisure rentals on all rates and discounts, the limits of liability described tin the paragraph above do not apply.** In these instances, Liability Protection for third party claims, if applicable, will be as specified in the applicable Rental Contract.

\*\*\*\*

Exhibit 2, Emphasis added.

**COMPLAINT FOR DECLARATORY RELIEF**                                    Page 5

## NATIONAL RENTAL AGREEMENT

17.

Martinich's use of the rental vehicle is subject to the terms and conditions of the National Rental Agreement ("Rental Agreement"), a copy of which is attached hereto as Exhibit 3. The Rental Agreement limits the use of rental vehicles and requires that renters comply with the terms of the rental agreement for Liability Protection to potentially apply.

18.

With respect to use of rental vehicles, the Rental Agreement prohibits any individual from operating the vehicle while impaired by alcohol:

\*\*\*\*

4. Limits on Use and Termination of Right to Use.
   a. Renter agrees to the following limits on use:
   \*\*\*\*
      **(7) Vehicle shall not be driven by any person impaired by the use of alcohol,**
   \*\*\*\*
   **c. In the event of any violation of the limits on use or any other provision of this Agreement, Owner automatically, without any further notice to Renter or AAD(s) terminates their right to use Vehicle and Owner retains any other rights and remedies provided by law.** Owner has the right to seize Vehicle without legal process or notice to Renter or AAD(s). Renter and AAD(s) hereby waive all claims for damages connected with such seizure, and shall pay all expenses incurred by Owner in returning Vehicle to the original rental office.

\*\*\*\*

Exhibit 3, Emphasis added.

## ACE POLICY PROVISIONS

19.

The ACE Policy provides the Liability Protection discussed above. The ACE Policy is made out to the Named Insured "Enterprise Holdings, Inc. and its subsidiaries." In addition to the Named Insureds, the following additional insureds are provided via endorsement:

**COMPLAINT FOR DECLARATORY RELIEF**            **Page 6**

****

ADDITIONAL INSURED ENDORSEMENT

****

1.  WHO IS AN INSURED (Section II) is amended to include any person(s) or organization(s) for whom you have agreed in a written contract to provide insurance but only for damages:
    a.  Which are covered by this insurance; and
    b.  Which you have agreed to provide such contract.
2.  The limits of insurance afforded to such person(s) or organization(s) will be:
    a.  The minimum limits of insurance which you agreed to provide, or
    b.  The limits of insurance of this policy
    whichever is less.

****

WHO IS AN INSURED AMENDMENT

****

1.  SECTION II – LIABILITY COVERAGE, A. – Coverage, 1. – Who Is An Insured, is amended to add "Renters" and "Authorized Drivers" as additional insureds as long as the following criteria are met:
    a.  the "Renter" or "Authorized Driver" is "Occupying" the "rental Auto" while the "Rental Auto" is being operated by the "Renter" or "Authorized Driver"; and
    b.  coverage has been afforded through and on file with Enterprise Rent-A-Car Company or any Named Insured acting as an "auto" rental facility, including, but not limited to the entities listed in the "SCHEDULE OF NAMED INSUREDS" endorsement to this policy; and
    c.  all terms and conditions of the "Rental Agreement" and any master agreement governing the terms of rental have been met.

****

20.

The ACE Policy also contains the following relevant endorsements and exclusions:

****

UNAUTHORIZED USE EXCLUSION (Endorsement No. 11)

No coverage is provided to any "renter" or "authorized driver" for "bodily injury" or "property damage" which results from the use of the "rental auto" in a manner which is prohibited by the "rental agreement".

**COMPLAINT FOR DECLARATORY RELIEF**                                              **Page 7**

****
EXCLUSION ENDORSEMENT(Endorsement No. 17)

This policy does not apply to any of the following:
****

3.     Loss arising out of an "accident" which occurs while the "insured" is under the influence of alcohol or drugs unless prescribed by a physician.
****

## CLAIM FOR RELIEF

### (Declaratory Judgment)

21.

ACE realleges and incorporates by reference the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth below.

22.

Subject to ACE's reservation of rights to assert additional coverage defenses, ACE hereby requests judicial declarations regarding the absence of coverage under the ACE Policy for Martinich's above-conduct and for claims arising out of the accident as follows:

1.     Pursuant to the Rental Agreement and the ACE Excess Policy's UNAUTHORIZED USE EXCLUSION, coverage does not apply and there is no coverage and no duty to defend under the ACE Policy for any claims arising out of the August 9, 2016, accident because Martinich was operating the vehicle while under the influence of alcohol, which is prohibited by the Rental Agreement.

2.     Pursuant to the ACE Excess Policy's EXCLUSION ENDORSEMENT, coverage does not apply and there is no coverage and no duty to defend under the ACE Excess Policy for any claims arising out of the August 9, 2016, accident because the accident occurred while Martinich was under the influence of alcohol.

3.      Pursuant to the ACE Excess Policy, the CSA, and Amendment 1 to the CSA, coverage does not apply and there is no coverage and no duty to defend under the ACE Excess Policy for any claims arising out the August 9, 2016 accident because Martinich's rental vehicle was not being operated for "business use".

**COMPLAINT FOR DECLARATORY RELIEF**                                                              **Page 8**

WHEREFORE, Plaintiff ACE requests judgment in its favor and against defendants as follows:

1. As to its Claim for Relief, a judicial declaration that the ACE Excess Policy does not apply and that there is no coverage or duty to defend under the ACE Excess Policy for any and all claims arising out of the August 9, 2016 accident;

2. An award of all costs and expenses incurred by ACE in this action; and

3. Such further relief as the court deems just, proper and equitable.

DATED this 23rd day of August, 2017.

GORDON & POLSCER, L.L.C.

By: /s/Brian C. Hickman
Brian C. Hickman, OSB No. 031096
bhickman@gordon-polscer.com
Ryan C. Bailey, OSB No. 130788
rbailey@gordon-polscer.com

*Of Attorneys for ACE American Insurance Company*