**Brian C. Hickman, OSB No. 031096**
bhickman@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
Suite 650
9755 S.W. Barnes Road
Portland, OR 97225
Telephone:  (503) 242-2922
Facsimile:  (503) 242-1264

*Of Attorneys for Plaintiff*
*ACE American Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>THE ESTATE OF GARY MARTINICH, through his Personal Representative Jamie Bradley; LARRY TYLER; THE ESTATE OF VIRGINIA TYLER, through her Personal Representative Larry Tyler; and ATOS IT SOLUTIONS AND SERVICES, INC.<br><br>                Defendants. | **Case No.**  1:17-cv-01308-MC<br><br>**JOINT MOTION FOR STAY OF PROCEEDINGS - UNOPPOSED** |

**MOTION**

Plaintiff, Ace American Insurance Company ("Ace"), and Defendants Larry Tyler and The Estate of Virginia Tyler (collectively, "Tyler") hereby jointly move for a stay of proceedings until an underlying lawsuit filed by Tyler is first resolved.

Ace has previously filed a Notice of Dismissal as to Defendant The Estate of Gary Martinich, and Defendant Atos IT Solutions and Services, Inc. ("Atos") has not yet appeared in this action. Accordingly, all parties who have appeared join in this Motion for Stay.

**JOINT MOTION FOR STAY OF PROCEEDINGS -- UNOPPOSED**          Page 1

## FACTUAL BACKGROUND

1.      On or about August 9, 2016, Gary Martinich was involved in a head-on collision with Larry and Virginia Tyler.  The collision resulted in the deaths of Gary Martinich and Virginia Tyler.  At the time of the collision, Gary Martinich was driving a rental car obtained from National Car Rental.  Mr. Martinich was also an employee of Atos, although the parties dispute whether or not Mr. Martinich was acting within the scope and course of his employment at the time of the collision.

2.      Tyler failed a lawsuit ("the Underlying Lawsuit") against Atos and the Estate of Gary Martinich in Josephine County Circuit Court seeking compensation in excess of $7,000,000.

3.      After the Underlying Lawsuit was filed, Ace filed this present lawsuit seeking a declaration that it did not owe any coverage with respect to the collision because, allegedly, Mr. Martinich:  (1) had not obtained the rental car for business purposes, as required to trigger the Ace insurance policy; and (2) was intoxicated at the time of the collision, thereby triggering application of an exclusion.

4.      The questions of whether or not Mr. Martinich acquired the rental car for business purposes and/or was intoxicated at the time of the collision are also implicated in the Underlying Lawsuit.

5.      Ace filed a Notice of Dismissal with respect to Defendant The Estate of Gary Martinich after that defendant agreed to be bound by whatever coverage determination was made in this court.  Defendant Atos has not appeared.

6.      Counsel for Ace has conferred with counsel for Tyler with respect to this action and how it might most efficiently proceed.  Counsel ultimately agreed that, in light of the

overlapping issues between this lawsuit and the Underlying Lawsuit, it would likely be most efficient to stay the present action until the Underlying Lawsuit is resolved.

## LEGAL STANDARD AND ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 US 248, 254 (1936). Whether to stay an action depends on a court's exercise of judgment in balancing potentially competing interests. *Id.* (citations omitted).

Among those interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F2d 265, 268 (9th Cir 1962). Where separate proceedings relate to a case, "[a] trial court may … find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case … and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F2d 857, 863-64 (9th Cir), *cert. denied,* 444 US 827 (1979). The decision to grant a stay is within the sound discretion of the District Court. *See Ethicon, Inc. v. Quigg,* 849 F2d 1422, 1427 (Fed Cir 1988).

Here, the Underlying Lawsuit was filed prior to the present action and involves factual and legal issues which overlap with the present action. Logic suggests that it would be most efficient to allow the Underlying Lawsuit to resolve prior to litigating the present action, and all

parties who have appeared agree. Accordingly, a stay should be granted and these proceedings should be abated until the Underlying Lawsuit has resolved.

## CONCLUSION

For the reasons set forth above, Plaintiff and Defendants Tyler jointly move the Court for a stay of these proceedings. If a stay is granted, the parties will, depending on the Court's preference, provide regular updates and/or notify the Court when the Underlying Lawsuit has resolved.

DATED this 5th day of December, 2017.    GORDON & POLSCER, L.L.C.

By: *s/ Brian C. Hickman*
   Brian C. Hickman, OSB No. 031096
   bhickman@gordon-polscer.com
*Of Attorneys for Plaintiff*

   *s/ David A. deVilleneuve*
   David A. deVillenueve, OSB No. 940275
   david@letusfightforyou.com
*Of Attorneys for Defendants Tyler*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed this **JOINT MOTION FOR STAY OF PROCEEDINGS -- UNOPPOSED** with the Clerk's office using the CM/ECF E-Filing System for said filing, which will send notification of such filing to the following and to all counsel of record:

| | |
|---|---|
| David A. deVilleneuve, OSB No. 940275<br>Email Address: *david@letusfightforyou.com*<br>SHLESINGER & deVILLENEUVE ATTORNEYS<br>408 S Oakdave Avenue<br>Medford, Oregon 97504<br><br>Telephone: (541) 770-5255<br>Facsimile: (541) 770-5294 | *Of Attorneys for Larry Tyler and The Estate of Virginia Tyler.* |

DATED this 5th day of December, 2017.

GORDON & POLSCER, L.L.C.

By: *s/ Brian C. Hickman*
　　Brian C. Hickman, OSB No. 031096
　　bhickman@gordon-polscer.com

*Of Attorneys for Plaintiff*

CERTIFICATE OF SERVICE                                    Page 1